# EXHIBIT G

Weil Draft 05/06/15

May 20, 2015

Steve Willis
17437 Olive Tree Cir.
Yorba Linda, Ca 92886

Dear Steve,

As you may know, Capstone Logistics, LLC, a Delaware limited liability company ("Buyer"), intends to acquire Pinnacle Workforce Logistics, LLC (the "Company") pursuant to that certain Agreement and Plan of Merger (the "Merger Agreement") by and among RWS Holdings, LLC, a Delaware limited liability company, Buyer and certain other parties thereto dated as of May 8, 2015 (the date the transactions contemplated by the Merger Agreement are consummated, the "Effective Date"). We look forward to your continued contribution to the success of the Company on and after the Effective Date and are writing to inform you of certain changes to the terms of the offer letter in effect between you and the Company dated July 20, 2012 (the "Offer Letter").

Commencing on the Effective Date, your annual base salary will be $180,000, subject to applicable withholding taxes, and your annual target bonus will be 50% of your annual base salary.

Except as specifically provided in this letter, the Offer Letter will remain in full force and effect and is hereby ratified and confirmed. To the extent a conflict arises between the terms of the Offer Letter and this letter agreement, the terms of this letter agreement shall prevail.

This letter may not be modified except in a writing signed by both you and the Company. In addition, each of the Company and you agree that, from the date of this letter through the Effective Date, neither this letter nor the Offer Letter (notwithstanding anything to the contrary in the 'Acceptance' section of the Offer Letter) may be amended or otherwise modified without the prior written consent of Buyer, and that Buyer shall be an express third party beneficiary under this letter agreement for purposes of this paragraph.

In the event that the transactions contemplated by the Merger Agreement are not consummated or the Merger Agreement is terminated in accordance with its terms, this letter agreement shall be void ab initio and the Company shall have no obligations to you pursuant to this letter.

Thank you again for your dedication and hard work. We look forward to continued success.

Please return a signed copy of this letter to me at your earliest convenience.

Sincerely,

Pedro Navarrete
President

Acknowledged and Agreed:

Steve Willis
Date: 5-20-2015



Bill Medina
Regional Director-Human Resources
RoadLink Transportation Solutions
15315 Fairfield Ranch Road, Ste 220
Chino Hills, CA 91709

949-943-6125 cell

July 20, 2012

Steve J. Willis
4942 Park Place
Yorba Linda, CA 92886

Dear Steve:

RoadLink is pleased to present this offer of employment to you to join us in the position of Regional Manager-Southern California, reporting to Dave Poffenberger. Your anticipated start date is August 6, 2012. This offer of employment is contingent upon the receipt of a satisfactory background check and pre-employment drug screening. If our offer is accepted, this letter will serve to confirm our understanding of the terms and conditions of your employment.

## COMPENSATION

You will be compensated with a bi-weekly salary of $5,192.31 which is equivalent to an annual salary of $135,000.00 subject to all standard employment deductions. This position is considered an Exempt position for purposes of federal wage-hour law, which means that you will not be eligible for overtime time pay for hours, actually worked in excess of 40 in a given workweek.

## CAR ALLOWANCE

The Company will provide you a car allowance in periodic installments, with the amount of such allowance being $600.00 per month, pro-rated for partial months.

## BONUS COMPENSATION

For each fiscal year completed during your employment with the Company, you will be eligible to be considered by the Company for an annual bonus. Your target bonus will be 20% percent of your base salary. The actual amount of any bonus awarded you will be determined in the discretion of the Company, based on your performance and that of the Company against goals established annually in the discretion of the Company. The annual bonus, if any, shall be payable within two and one-half months following the conclusion of the fiscal year to which the bonus applies, unless it is administratively or economically impracticable to make the payment within that period, in which case, payment will be made as soon as reasonably practicable thereafter.



## BENEFITS

You will be entitled to participate in our Benefits Program the 1st day of the month following 30 days of service.

In addition to the Benefits Program, you will also be entitled to participate in the following benefits:

- 401(k) Plan - You will be eligible to participate in the Plan the 1st day of the month following 30 days of service.

- Paid Time Off (PTO) – You will accrue 1.85 hours bi-weekly which is equivalent to 6 days your first year.

  RoadLink observes six (6) core holidays and two (2) floaters.


## EMPLOYMENT AGREEMENT AND AUTHORIZATION TO WORK

As a condition of employment, you will be requested to sign an Employment Agreement. You should also note that you will be required to show proof of citizenship, permanent residency in the U.S., or authorization to work in the U.S. within five business days of hire.

## AT-WILL EMPLOYMENT

If you choose to accept this offer, please understand your employment is "at-will", voluntarily entered into and is for no specific period. As a result, you are free to resign at any time, for any reason or for no reason. Similarly, RoadLink is free to conclude its at-will employment relationship with you at any time, with or without cause.

## ACCEPTANCE

Attached are two original copies of this letter. To indicate your acceptance of this offer, please sign below and return one signed copy to me, Bill Medina, and keep another copy for your records. This letter sets forth the terms of your employment and the current compensation and benefits package you will be eligible for with RoadLink. This employment offer supersedes any prior representations or agreements, whether written or oral. This letter may only be modified by a written agreement signed by you and the Chief People Officer or me.

All of us are excited about the opportunities ahead and the contributions we see you making to the success of our business. We are convinced you will add immeasurably to the success of RoadLink and our vision of growing RoadLink into a leader in the industry.

*Welcome!*



With best regards,

Bill Medina
Regional Director, Human Resources

Cc: Dave Poffenberger

Please sign below, return one copy to Bill Medina and maintain one copy for your records, to confirm your understanding and acceptance of the above terms and conditions of your employment offer.

_____
Signature

7 - 23 - 12
_____
Date

## NON-DISCLOSURE AND NON-SOLICITATION AGREEMENT

This Non-Disclosure and Non-Solicitation Agreement ("Agreement") is by and between Steve J. Willis ("Employee") and RoadLink Workforce Solutions, Inc. ("RoadLink").

### Recitals

A.   Employee is currently employed by RoadLink or has accepted an offer to become employed by RoadLink;

B.   In order to assist Employee with his/her duties on behalf of RoadLink, RoadLink has provided or will provide Employee with certain confidential, proprietary, and trade secret information relating to RoadLink's business, methods of operation, and customers;

C.   Employee has agreed to refrain from disclosing RoadLink's confidential, proprietary, and trade secret information and has further agreed to refrain from soliciting RoadLink's customers; and

D.   The parties desire to memorialize their agreements in this regard in writing.

### Agreement

NOW, THEREFORE, for and in consideration of the promises and mutual agreements hereinafter set forth, the parties hereto agree as follows:

1.   **Agreement Not to Solicit Customers.** To the fullest extent permitted by applicable law, during the term of Employee's employment with RoadLink and for a period of two years after the termination of Employee's employment with RoadLink, Employee, for him/herself or on behalf of any entity, in any capacity, shall not, directly or indirectly, solicit or obtain any contractual freight handling business or warehouse staffing business from any customer of RoadLink (including any customer of RoadLink's affiliates, or any company under common ownership or control with RoadLink) with whom Employee had contact while employed by Roadlink.  It is understood and agreed that "customer" is defined to mean any entity with whom RoadLink had an "ongoing business relationship." An "ongoing business relationship" is generally understood and agreed to mean: (a) services or goods were provided by RoadLink to the entity during the one-year period prior to the termination of Employee's employment with RoadLink; (b) the entity had contracted for or ordered services or goods from RoadLink as of the date of the termination of Employee's employment with RoadLink; or (c) negotiations were in progress between the entity and RoadLink for the providing of goods or services by RoadLink to the entity on the date of termination of Employee's employment

with Employer.  Employee acknowledges and agrees that, during the course of his/her employment with RoadLink, Employee has developed and/or will develop valuable business relationships with RoadLink's customers.  It is the parties' intent that Employee will refrain from soliciting those customers for business that competes with RoadLink during the term of Employee's employment with RoadLink and for a period of two years after the termination of Employee's employment with RoadLink.

**2.   Agreement Not to Solicit Employees or Contractors.**   In addition to and not in limitation of the covenants contained in paragraph 1 above, during the term of Employee's employment with RoadLink and for a period of two years after the termination of Employee's employment with RoadLink, Employee agrees that he/she will not solicit for employment or otherwise endeavor to entice away from RoadLink any employees employed by RoadLink or independent contractors who have a contractual relationship with RoadLink.

**3.   Non-Disclosure.**   In addition to and not in limitation of the covenants contained in paragraphs 1 and 2 above, Employee agrees he/she will not use or disclose to any person, firm, corporation or any other entity any Confidential Information of RoadLink to which he/she has become or will become knowledgeable.  Disclosure of any Confidential Information shall not be prohibited if that disclosure is directly pursuant to a valid and existing order of a court or other governmental body or agency within the United States; provided, however, that (a) Employee shall have first given prompt notice to RoadLink of any such possible or prospective order (or proceeding pursuant to which any such order may result), and (b) RoadLink shall have been afforded a reasonable opportunity to prevent or limit any such disclosure.

For purposes of this paragraph, "Confidential Information" shall mean any information directly or indirectly relating to or concerning the Business Activities of RoadLink, including but not be limited to the identity of past or present customers of RoadLink; pricing, marketing and sales practices of RoadLink; financial information relative to RoadLink; trade secrets; business know-how; and any other information which is not generally known and which could prove beneficial in enabling a competitor to compete with RoadLink or that could otherwise be used to RoadLink's detriment. For purposes of this paragraph, Confidential Information shall not include information which is or becomes publicly available without breach by Employee of (a) this Agreement, (b) any other agreement or instrument to which Employee is a party, (c) any duty owed to RoadLink by Employee; provided, however, that Employee acknowledges and agrees that except as otherwise provided in this paragraph, if he/she shall seek to disclose, divulge, reveal, report, publish, transfer or use, for any purpose whatsoever, any Confidential Information, she shall bear the burden of proving that any such information shall have become publicly available without any such breach.

2

For purposes of this Agreement, "Business Activities" shall mean the business activities undertaken by RoadLink in the ordinary course of its business prior to the date of this Agreement and any business activities directly or indirectly related to (i) freight handling services, or (ii) warehouse staffing services.

**5.      Remedies for Breach of Covenant.**   Employee understands and agrees that RoadLink shall suffer irreparable harm if Employee breaches any of his/her obligations under this Agreement, and that the monetary damages may be inadequate to compensate RoadLink for that breach.  Accordingly, Employee agrees that, in the event of a breach or a threatened breach by him/her of any of the provisions of this Agreement, RoadLink, in addition to and not in limitation of any other rights, remedies or damages available to it at law or in equity, shall be entitled to a temporary restraining order, preliminary injunction, and permanent injunction to prevent or restrain such breach by Employee or by any and all persons directly or indirectly acting for, on behalf of, or with him/her.

**6.      Binding Effect.**   This Agreement shall be binding upon the parties hereto and their respective assigns and successors in interest.  If RoadLink chooses to sell, lease, or otherwise relinquish control of substantially all of its assets, the party to whom such control is relinquished shall be entitled to enforce this Agreement in its own name or in the name of a third party purchaser.

**7.      Interpretation.**   The parties hereto acknowledge and agree that the covenants contained herein shall be construed as a series of separate covenants.  If any of the covenants shall be held invalid or unenforceable, then the remaining provisions and covenants thereof shall nevertheless continue to be valid and enforceable as though the invalid or unenforceable part had not been included therein to the extent necessary to permit the remaining separate provisions and covenants to be enforced.  Additionally, if any provision shall be declared by a court of competent jurisdiction to exceed the class of customers or time period such court deems reasonable and enforceable, such restriction or time period shall be deemed to become and thereafter be the maximum customer restriction or time period which such court deems reasonable and enforceable.  The prevailing party shall be entitled to out of pocket expenses as well as reasonable attorney fees incurred in any action necessary to enforce the terms of this Agreement.

**8.      Entire Agreement.**   This document supersedes all prior discussions and agreements between Employee and RoadLink with respect to the subject matter hereof.  This Agreement cannot be changed or terminated or any performance or condition waived in whole or in part except by a writing signed by the party against whom enforcement of the changes, termination or

3

waiver is sought.  The waiver of any breach of the terms or conditions of this Agreement shall not be deemed to constitute the waiver of any other breach of the same or any other term or condition.  The recitals set forth above are hereby incorporated by reference.

     9.     **Headings**.  The paragraph headings contained in this Agreement are for convenience only and shall in no manner be construed as a part of this Agreement.

     10.     **Governing Law and Venue**.  This Agreement shall be governed by the laws of the State of California.  The parties agree that venue for adjudication of any dispute arising under this Agreement shall lie exclusively in the state or federal courts with jurisdiction over Orange County, California. The parties further agree to and hereby do submit to the jurisdiction of any Orange County, California court regardless of the parties' domicile, the parties' principal place of business, or the place of this transaction.

     IN WITNESS WHEREOF, the parties have entered into this Agreement as of the date written below.

RoadLink Workforce Solutions, Inc.               EMPLOYEE

By:_____               _____

_____               _____
Printed Name and Title                              Printed Name

Dated: _____               Dated: _____
H:\Users\bleive\Documents\Roadlink\Labor 9315.14\Non-Solicitation Agreement.doc

4