JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CAPSTONE LOGISTICS HOLDINGS, INC.,
CAPSTONE LOGISTICS, LLC, and PINNACLE
WORKFORCE LOGISTICS, L.L.C.,

Civil Action No. 17 CV 4819

Plaintiffs,

- against -

PEDRO NAVARRETE, DAVID
POFFENBERGER, STEVEN WILLIS, MARIO
ROJAS, and HUMANO, LLC,

Defendants.

-----------------------------------------------------------------x

ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINTS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/2017

**THIS MATTER** having been opened to the Court by Seyfarth Shaw, LLP, attorneys for plaintiffs Capstone Logistics Holdings, Inc., Capstone Logistics, LLC and Pinnacle Workforce Logistics, L.L.C. (collectively, the "Plaintiffs"); and upon notice of this motion for a temporary restraining order, preliminary injunction, and expedited discovery being given to defendants Pedro Navarrete, David Poffenberger, Steven Willis, Mario Rojas, and Humano, LLC (collectively, the "Defendants"), and it appearing to the Court from the facts alleged in the Complaint, the supporting Declarations of Rick Tomcho and Jim Vaughn, and the accompanying Memorandum of Law, that immediate and irreparable harm will be caused to Plaintiffs before a hearing may be held on this motion; and for other good cause appearing for the entry of this Order,

**IT IS ON THIS** _26th_ **day of June 2017,**

**ORDERED**, that Defendants show cause before this Court on the _20th_ day of _July_ 2017 at the United States District Court for the Southern District of

New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, Room 11A, at 10:30 a.m./~~p.m.~~, or as soon thereafter as counsel may be heard why an Order should not be issued against Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure:

A. Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates and/or employees), from accessing, using, disclosing or otherwise misappropriating any of Plaintiffs' trade secrets or other confidential or proprietary information;

B. Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from contacting or soliciting any customer of Plaintiffs for the purpose of providing products or services competitive with those offered by Plaintiffs;

C. Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from requesting or advising any customer or any supplier or vendor to Plaintiffs to withdraw, curtail or cancel any of its business or relations with Plaintiffs;

D. Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from seeking to persuade any of Plaintiffs' customers to conduct with anyone else any business which such customer conducts or could conduct with Plaintiffs;

E. ~~Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from participating in any enterprise, business or venture that is engaged in the workforce logistics business;~~

F. Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from providing services, directly or indirectly, whether as an owner, employee, independent contractor, or otherwise, to any person who competes with Plaintiffs in the United States; and

2

G.  Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from, directly or indirectly, inducing any employee, sales representative, consultant or other agent of Plaintiffs to terminate his, her or its relationship with, or breach any agreement with Plaintiffs; and

H.  Preliminarily enjoining Defendants, and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates, and/or employees), from, directly or indirectly, hiring or soliciting for hiring, any employee of Plaintiffs.

**AND SUFFICIENT CAUSE BEING ALLEGED,**

**IT IS FURTHER ORDERED** that pending the hearing and determination of the Court on the within Order to Show Cause, and until further order of the Court, Defendants, and all parties and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates and/or employees), be and hereby are **TEMPORARILY ENJOINED AND RESTRAINED** from the conduct set forth in paragraphs A through H, above, and *except E*

**IT IS FURTHER ORDERED** that Defendants, and all parties and/or entities acting on their behalf, for their benefit, or in active concert or participation with them (including any agents, representatives, associates and/or employees) shall preserve, and not destroy, damage or alter in any way, all potentially relevant evidence in this action, including, but not limited to, any of Plaintiffs' property, information or data of any kind, and any communications relating thereto, residing in any email accounts and on any computer or electronic device, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., USB drives), CDs, DVDs, pda's, cell phones, smart phones, iPads, tablets, and/or all other similar electronic storage devices belonging to, under control of, accessible to, or operated by any of the Defendants. Defendants shall preserve, and not destroy, damage, or alter in any way, all e-mails, text messages, chats and communications in any and all of their email accounts, associated

3

telephone numbers, and social media accounts, including, for example, Facebook, LinkedIn, Instagram, and Twitter, which refer to, relate to and/or contain Plaintiffs' information of any kind, including customer and pricing information; and

**IT IS FURTHER ORDERED** that Plaintiffs post a security bond in the amount of $50,000 to be posted by June 29, 2017.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Expedited Discovery is granted. Accordingly, expedited discovery shall commence immediately as follows:

A. Defendants shall preserve and produce for inspection, by July 5, 2017, any and all hard copy documents and electronic devices as described above that may contain or may have contained Plaintiffs' information of any kind, including but not limited to, any home and/or work computers, hard drives, flash drives, smart phones, iPads, PDAs and other external storage devices. Plaintiffs shall be permitted to image and analyze said media devices to recover their confidential, proprietary or trade secret information, including any customer and pricing information;

B. Plaintiffs may, immediately after service of this Order upon Defendants, notice the deposition of Defendant, including inspecting requested documents at the deposition, upon 7 (seven) court days' written notice, and defendants may similarly notice deposition of one Rule 30(b)(6) deponent of plaintiff

C. Plaintiffs may, immediately after service of this Order upon Defendants, notice the deposition of any non-party pursuant to Fed. R. Civ. P. 45, upon 7 court days' written notice;

D. Plaintiffs may, immediately after service of this Order upon Defendants, propound document request upon Defendants requiring verified written responses and the production of documents and things within 7 court days after service of said request(s);

4

E. ~~Each Defendant shall provide access for inspection, within ___ calendar days, to all e-mail accounts to which he had access, and all text messages on any smart phone~~ device; and

**IT IS FURTHER ORDERED** that service of this Order and Plaintiff's Complaint, accompanying Declaration, memorandum of law, and all other supporting papers, shall be effected by email or by Federal Express overnight delivery upon Defendants;

**IT IS FURTHER ORDERED** that Defendants shall serve and file any papers in opposition to Plaintiffs' motion for a preliminary injunction and motion for expedited discovery so as to be received by Plaintiffs' counsel on or before _July 13, 2017_, 2017; and

**IT IS FURTHER ORDERED** that Plaintiffs shall serve and file their reply papers in further support of their motion for a preliminary injunction and motion for expedited discovery, so as to be received by Defendants or their counsel on or before _July 17_, 2017.

IT IS SO ORDERED:
DATED this _26th_ day of _June_, 2017.
5:24 PM

By: _____
UNITED STATES DISTRICT COURT JUDGE