

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2021
```

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

jyu@seyfarth.com
T (212) 218-5524

www.seyfarth.com

March 10, 2021

**MEMO ENDORSED**

**VIA ECF**

Hon. George B. Daniels, U.S.D.J.
U.S. District Court for the Southern District of New York

**Re:**   Capstone Logistics Holdings, Inc., et al. v. Pedro Navarrete, et al.
Civil Action No. 17-cv-4819 (S.D.N.Y.)
<u>Letter Motion Requesting Pre-Motion Conference Regarding Motion to Compel</u>

Dear Judge Daniels:

This firm represents Plaintiffs (collectively, "Capstone") in the above-referenced action. Pursuant to Your Honor's Individual Rule IV.A. and Local Civil Rule 37.2, Capstone respectfully submits this letter-motion requesting leave to file a formal motion to compel defendant Humano to produce certain disclosures relevant to the calculation of the amount of damages to which Capstone is entitled at trial, which Capstone intends to, if necessary, use to supplement its expert reports and use at trial.

As the Court is aware, Defendants' liability for breach of contract, misappropriation of trade secrets, and breach of fiduciary duty, among other claims, has already been established. All that remains at a bench trial is a determination of the amount of damages to be awarded Capstone. With respect to business unlawfully gained by the Defendants as a result of their malfeasance, three specific customers are at issue: (1) DPI Specialty Foods, Inc. ("DPI"); (2) Bradshaw International ("Bradshaw"); and (3) Newell Brands ("Newell").[1] Magistrate Judge Moses previously granted Capstone's motion to compel Humano to produce its earnings with respect to DPI from the inception of the case through trial. February 23, 2018 Hearing Tr., ECF No. 158 at 39:14-18, 41:19-23. Capstone now seeks to apply the same order with respect to earnings relevant to customers Bradshaw and Newell (the "Requested Documents").[2]

Humano intends to argue that Judge Moses, at the May 22, 2018 hearing and in her subsequent order, precluded discovery of Humano's financial information as relates to

---

[1] While Defendants attempted to do business with other Capstone customers, this Court entered the preliminary injunction before they could consummate any deals with those customers.

[2] In accordance with Fed. R. Civ. P. 37(a)(1), on February 3, 2021 counsel for Capstone met and conferred with counsel for Humano in a good faith effort to resolve this and other discovery disputes. Counsel continued to meet and confer over email through March 9, 2021 and were able to resolve Capstone's request for company-wide earnings from Humano. Defendants, however, refused to produce the Bradshaw and Newell documents for use at trial.



customers other than DPI. Defendants' argument ignores, however, that the evidence relating to Humano's unlawful conduct with respect to customers Bradshaw and Newell had not yet been revealed at the time of her ruling, and in fact had been inexplicably withheld by Defendants.[3] Thus, Judge Moses reasoned at the time that, with the exception of other customers at issue in the litigation to-date (i.e. DPI), any given Humano customer had not been shown to be relevant. *See* May 22, 2018 Tr., ECF No. 210, at 16:7-10 (". . . I don't think **at this point I've been convinced** that plaintiff is entitled to the customer-by-customer detail that it seeks. I don't think the plaintiff needs that for its damages analysis.") (emphasis added); May 22, 2018 Order, ECF No. 187, ¶ 6 (". . . the Court is not convinced that there is any viable damages theory that would entitle plaintiffs to discover Humano's earnings on a customer-by-customer or contract-by-contract basis (beyond the customers as to which such discovery has already been produced); nor have defendants opened the door to discovery on an individual customer basis.").

Importantly, Defendants' malfeasance in connection with Bradshaw and Newell were not revealed until *after* Judge Moses issued the May 22, 2018 Order. Since then, this Court found in its October 25, 2018 Findings of Fact and Conclusions of Law, which has since been incorporated into the Court's Summary Judgment order, that Defendants unlawfully solicited Newell, while it was still a Capstone customer, in violation of the Court's injunction order. FFCL, ECF No. 353, ¶ 138. In addition, Capstone obtained evidence—through expert recovery of forensic evidence that Defendants willfully spoliated—and established on summary judgment that Defendants breached their fiduciary duties and misappropriated trade secrets by stealing Capstone's confidential pro formas and pitch materials for use in obtaining business from Bradshaw, a prospective customer that Capstone was pitching at the same time. *See* Rule 56.1 Statement, ECF No. 397, ¶¶ 220-42. Capstone's unrebutted expert report from James Vaughn established that Defendant Poffenberger accessed those confidential Capstone documents from his Humano computer on May 11, 2017, which was the same day he made a pitch presentation to Bradshaw as a Humano representative.

Simply put, Judge Moses did not have before her, at the time of the May 2018 hearing, the evidence showing that Defendants usurped Bradshaw using stolen Capstone files and moved Newell's business while it was still a Capstone customer in direct violation of the Court's injunction order. Defendants cannot be allowed to capitalize upon the fact that they hid this discovery at the time she made her rulings. Now that Defendants' malfeasance with regard to Bradshaw and Newell have come to light, and the Court has granted Capstone summary judgment as to liability, Capstone is entitled to evidence regarding Humano's financial gains from these unlawfully misappropriated customers in order to ascertain damages under a disgorgement theory at the upcoming trial attributable to such misconduct. To withhold these would prejudice Capstone at the damages trial.

On the other hand, Humano will not suffer any prejudice or burden by this additional production, particularly given that no trial date has yet been set. First, these documents have already been disclosed to Capstone during mediation subject to a settlement privilege. Second, any

---

[3] Although Judge Moses prohibited discovery aimed at Humano's earnings on a customer-by-customer basis, she expressly rejected Defendants' subsequent efforts to preclude all discovery regarding individual Humano customers. *See* Order, ECF No. 216, at 2 ("Moreover, defendants mischaracterize the Court's May 22 Order, which … **did not preclude all discovery concerning individual Humano's customers**") (emphasis added).



confidentiality concerns can be addressed by producing the documents for attorneys' eyes only subject to the Court's existing protective order.

For the foregoing reasons, Capstone respectfully requests that the Court schedule a pre-motion discovery conference or grant Capstone leave to file a motion to compel the Requested Documents.

Thank you for Your Honor's consideration.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ James S. Yu*

James S. Yu

cc: All counsel of record (via ECF).

---

Application GRANTED to the extent that Judge Moses will conduct a discovery conference on **April 12, 2021, at 11:00 a.m.** The conference will be conducted remotely via Microsoft Teams. Chambers will email the videoconferencing link to the parties. A publicly accessible audio line is available to nonparties, including members of the public, by dialing **(917) 933-2166** and entering the code **456298817#**. Nonparties must observe the same decorum as would be expected at an in-person conference, and must mute their telephone lines throughout the proceeding. In advance of the conference, and no later than **April 7, 2021**, the parties shall file a joint letter, which attaches as exhibits the discovery request(s) and response(s) that form the basis of their dispute. SO ORDERED.

Hon. Barbara Moses, U.S.M.J.
March 18, 2021